(No. 4124— )

CECELIA E. ROTHERY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

WARNER & WARNER, by HENRY C. WARNER, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and SAMUEL RUBIN, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Cecelia Elizabeth Rothery, was employed on March 23, 1948, as an attendant at the Dixon State Hospital in the Department of Public Welfare. On that day while assisting certain patients in the course of her duties, she slipped on a wet floor, fell, and broke her hip. Claimant, 65 years of age, was immediately taken by wheel chair to appropriate section of the hospital for treatment. Claimant was suffering severe pain in her hip which became swollen.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act and the accident in question arose out of and in the course of the employment.

Respondent furnished complete surgical, medical and hospital treatment. On September 30 claimant received her last medical attention from respondent. About that time she applied for re-employment with the managing officer of the Dixon State Hospital. Claimant's application was refused. On October 9, 1948 she obtained new employment at the Katherine Shaw Bethea Hospital,

Dixon, Illinois, at a salary of $110.00 per month, plus room and board. Previously while employed by respondent, she had earned $175.00 per month from which $32.00 per month was deducted for room and board. The only question is the extent of permanent and complete loss of use of claimant's left leg.

Dr. Alexander Tarnowski, physician and surgeon, on the staff of the Dixon State Hospital since 1930, attended and treated claimant for her injury. He first examined the claimant on the morning of the following day. Regarding his examination Dr. Tarnowski testified:

"I found that she had a comminuted fracture of the left femur through the greater trochanter. She had eversion of the left foot which was the usual symptom of a fracture of the hip. She was in severe pain and it was impossible to move her hip joint. There was some swelling and all the other signs that accompany fracture of the hip. It was impossible to transport her to the X-ray room because of pain and we had no portable X-ray at the time so we asked assistance from the Dr. Murphy Clinic and he brought his own portable X-ray and the X-ray was taken. . . .

. . . The X-ray showed comminuted fracture through the greater trochanter in the left hip or femur."

Surgery was performed by Dr. Tarnowski and Dr. Murphy and a Steinman pin traction was applied.

Claimant remained under the traction until May 28th when the pin was removed as X-rays showed considerable callous formation around the fracture site. Mrs. Rothery's condition further improved and on August 24th she was permitted to leave her wheel chair on crutches. Shortly thereafter she left the hospital. When next treated by Dr. Tarnowski at the end of September, she walked with the aid of a cane which claimant continued to use until recently. Claimant was described as suffering a two inch shortening of her left leg as a permanent deformity, also, about 35° eversion of her left foot. Dr. Tarnowski explained that eversion means that the foot

is turned outward. The present back pain suffered by claimant when walking was ascribed to the shortening of the left leg and the resultant strain on the muscles of the back causing sclerosis, a permanent development.

He added that in about 25% of the cases of like injuries to persons of claimant's age a resorption of the head of the femur may result; a very serious complication.

The facts show from the testimony of Dr. Tarnowski that the claimant has suffered a 30% permanent complete loss of the use of her left leg as a result of the accident and that the claimant's weekly compensation is $19.50.

From the record, the claimant is entitled to receive compensation for total temporary incapacity from March 24, 1948 for a period of 27 weeks and two days, which would be in the amount of $532.08. She is also entitled to receive the additional sum of $1,111.50 for 30% permanent and complete loss of the use of her left leg as a result of said accident. From these amounts must be deducted the sum of $700.00 paid to claimant for unproductive time.

The amount of temporary total disability due and weekly payments on a specific loss of a leg to April 15, 1949 would be $1,078.08, deducting $700.00 from this amount would leave $378.08 due as of April 15, 1949.

An award is therefore entered in favor of the claimant in the amount of $943.58 payable as follows:

$378.08 which has accrued and is payable forthwith;
$565.50 payable in 29 weekly installments of $19.50 each.

Madolin M. Hackett, reporter, has rendered a statement for $25.00 for the reporting and transcribing of the notes.

An award is therefore entered in favor of Madolin

M. Hackett, for reporting and transcribing the testimony in this case in the amount of $25.00.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."